UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
Shmuel Skaist a/k/a Eli Skaist,
and Shaindy Skaist, individually and on behalf of all others
similarly situated;

                            Plaintiff(s),                                  Index No:

                -against-                                    Demand for Trial by Jury
                                                              Class Action Complaint

Trans Union, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Bank of America, N.A.
and John Does 1-25.

                            Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

        Plaintiffs Shmuel Skaist a/k/a Eli Skaist and Shaindy Skaist (hereinafter "Plaintiffs"), New York state residents, bring this Class Action Complaint by and through their attorneys, and as and for their Complaint against Defendant Trans Union, LLC (hereinafter "Trans Union"), Defendant Equifax Information Services, LLC (hereinafter "Equifax"), Defendant Experian Information Solutions, Inc. (hereinafter "Experian") and Defendant Bank of America, N.A. (hereinafter "BOA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiffs resides here, and Defendant transacts business here.

3. Plaintiffs brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiffs are residents of the State of New York, County of Kings, residing at 874 East 26th Street, Brooklyn, NY, 11210.

6. At all times material hereto, each Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of New York, and may be served with process upon The Prentice Hall Corporation System, its registered agent for service of process at 80 State Street, Albany, NY, 12207.

8. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon Corporation Service Company its registered agent for service of process c/o 80 State Street, Albany, NY, 12207.

11. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of New York, and may be served with process c/o CT Corporation System, 28 Liberty St, Floor 42, New York, NY, 10005.

14. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant Bank of America, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in the State of New York, c/o CT Corporation System, 28 Liberty St, Floor 42, New York, NY, 10005.

17. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

18. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

19. The Class consists of:

   a.  all individuals with addresses in the New York;

   b.   for whom Bank of America issued a trial modification;

   c.   that required the consumer to make three trial payments;

   d.  and Bank of America continued to report the mortgage as late to the credit bureaus (defined as but not limited to Experian, Equifax and Equifax);

   e.  despite payment being made every month of the trial term;

   f.  for which these false late payments were being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

20. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

21. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

22. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant Bank of America has been reporting debts as delinquent that were currently being paid, as well as the Bureaus failure to recognize this information and update it properly upon being made known by consumers.

23. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issues are whether the Defendants' reporting of past due for a debt currently being paid under a mortgage modification by a consumer, as well as the failure to delete timely upon a dispute violate 15 U.S.C. § l692n and §1692o.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Equifax Dispute and Violations

28. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiffs that included inaccurate information.

29. The inaccurate information furnished by Defendant BOA and published by Defendant Equifax is inaccurate since is contains late payments for months in which the Plaintiffs was paying on time.

30. Specifically, the Plaintiffs received a trial modification on this mortgage beginning in April of 2017 and made payments during the months of May, June, and July which are still being labeled as 120 days past due.

31. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

32. Plaintiffs notified Equifax that they disputed the accuracy of the information Equifax was reporting, in separate letters, on or around December, 2018 specifically explaining in a letter, the history of the account and that all payments were made during these months in question.

33. It is believed and therefore averred that Defendant Equifax notified Defendant BOA of the Plaintiffs' disputes.

34. Upon receipt of the disputes of the account from the Plaintiffs by Equifax, BOA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiffs with respect to the disputed accounts, including these three 120 days past due late payment notations referenced above.

35. Despite the dispute by the Plaintiffs that the information on their consumer reports were inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiffs and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

36. Notwithstanding Plaintiffs effort, Defendant Equifax sent Plaintiffs correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

37. As of the date of the filing of the filing of this Complaint, Defendant BOA continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

38. Defendants' erroneous reporting continues to affect the Plaintiffs creditworthiness and credit score.

39. As a result of Defendants' conduct, Plaintiffs have suffered decreased credit scores as a result of the inaccurate information on the Plaintiffs credit files.

<u>Trans Union Dispute and Violation</u>

40. On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiffs that included inaccurate information.

41. The inaccurate information furnished by Defendant BOA and published by Defendant Trans Union is inaccurate since is contains late payments notations for the months of April, May, June and July of 2017.

42. The Plaintiffs had received a trial modification on their mortgage and were making payments during these months.

43. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

44. Plaintiffs notified Trans Union that they disputed the accuracy of the information Equifax was reporting, in separate letters, on or around December 20, 2018 specifically stating in a letter the entire background of the account, and explaining that payments were made during the time period in question

45. It is believed and therefore averred that Defendant Trans Union notified Defendant BOA of the Plaintiffs disputes.

46. Upon receipt of the disputes of the account from the Plaintiffs by Trans Union, BOA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiffs with respect to the disputed accounts, including multiple late payment notations.

47. Despite the dispute by the Plaintiffs that the information on their consumer reports were inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiffs and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

48. Notwithstanding Plaintiffs efforts, Defendant Trans Union sent the Plaintiffs correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

49. As of the date of the filing of the filing of this Complaint, Defendant BOA continues to furnish credit data which is inaccurate and materially misleading, and Defendant Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

50. Defendants' erroneous reporting continues to affect the Plaintiffs creditworthiness and credit score.

51. As a result of Defendants' conduct, Plaintiffs have suffered a decreased credit score as a result of the inaccurate information on the Plaintiffs credit files.

<u>Experian Dispute and Violations</u>

52. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiffs that included inaccurate information.

53. The inaccurate information furnished by Defendant BOA and published by Defendant Experian is inaccurate since is contains late payments for months in which the Plaintiffs was paying on time.

54. Specifically, the Plaintiffs received a trial modification on this mortgage beginning in April of 2017 and made payments during the months of May, June, and July which are still being labeled as 120 days past due.

55. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

56. Plaintiffs notified Experian that they disputed the accuracy of the information Experian was reporting, in separate letters, on or around December, 2018 specifically explaining in

a letter, the history of the account and that all payments were made during these months in question.

57. It is believed and therefore averred that Defendant Experian notified Defendant BOA of the Plaintiffs' disputes.

58. Upon receipt of the disputes of the account from the Plaintiffs by Experian, BOA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiffs with respect to the disputed accounts, including these three 120 days past due late payment notations referenced above.

59. Despite the dispute by the Plaintiffs that the information on their consumer reports were inaccurate with respect to the dispute account, Experian did not evaluate or consider any of the information, claims, or evidence of the Plaintiffs and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

60. Notwithstanding Plaintiffs effort, Defendant Experian sent Plaintiffs correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

61. As of the date of the filing of the filing of this Complaint, Defendant BOA continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

62. Defendants' erroneous reporting continues to affect the Plaintiffs creditworthiness and credit score.

63. As a result of Defendants' conduct, Plaintiffs have suffered decreased credit scores as a result of the inaccurate information on the Plaintiffs credit files.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

64. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

66. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiffs.

67. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiffs;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by the Plaintiffs that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

g) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of Trans Union, the Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

70. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

71. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

73. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit files of the Plaintiffs after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiffs.

74. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiffs;

   d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by the Plaintiffs that the information was inaccurate;

f)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

g)  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

75. As a result of the conduct, action and inaction of Trans Union, the Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

76. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiffs to damages under 15 U.S.C. § 1681o.

77. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

78. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

80. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that Equifax maintained concerning the Plaintiffs.

81. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiffs;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by the Plaintiffs that the information was inaccurate;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

82. As a result of the conduct, action and inaction of Equifax, the Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

83. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

84. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

85. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

87. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit files of the Plaintiffs after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiffs.

88. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiffs;

d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by the Plaintiffs that the information was inaccurate;

f)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

89. As a result of the conduct, action and inaction of Equifax, the Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

90. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiffs to damages under 15 U.S.C. § 1681o.

91. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

92. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

93. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

94. Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that Experian maintained concerning the Plaintiffs.

95. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiffs;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by the Plaintiffs that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

96. As a result of the conduct, action and inaction of Experian, the Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

97. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

98. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

99. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

100.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

101.    Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit files of the Plaintiffs after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiffs.

102.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiffs;

    d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by the Plaintiffs that the information was inaccurate;

    f)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

103.    As a result of the conduct, action and inaction of Experian, the Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

104.    The conduct, action and inaction of Experian was negligent, entitling the Plaintiffs to damages under 15 U.S.C. § 1681o.

105.    The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant BOA)

106.    Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

107.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

108.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

109.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiffs. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

110.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

111.    The Defendant BOA violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the disputes of the Plaintiffs with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

112.    Specifically, the Defendant BOA continued to report this account on the Plaintiffs credit reports after being notified of their disputes regarding the late payment notations.

113.    As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiffs suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

114.    The conduct, action and inaction of Defendant BOA was willful, rendering Defendant BOA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

115.    The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist demands judgment in their favor against Defendant BOA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant BOA)

116.    Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

117.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

118.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

119.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiffs. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

120.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

121. Defendant BOA is liable to the Plaintiffs for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

122. After receiving the Dispute Notices from Trans Union, Experian and Equifax, Defendant BOA negligently failed to conduct its reinvestigation in good faith.

123. A reasonable investigation would require a furnisher such as Defendant BOA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

124. The Plaintiff explained in detail that they made payments during the months in question, and further a reasonable investigation by the Defendant BOA would have revealed the details of the loan modification and the payments made.

125. The conduct, action and inaction of Defendant BOA was negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

126. As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiffs suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

127. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from the Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiffs, Shmuel and Shaindy Skaist, demands judgment in their favor against Defendant BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

128.        Plaintiffs demands and hereby respectfully requests a trial by jury for all claims

and issues this complaint to which Plaintiffs is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Shmuel and Shaindy Skaist, individually and on behalf of all others

similarly situated, demand judgment from each Defendant as follows:

a)  Declaring that this action is properly maintainable as a Class Action and certifying

    Plaintiff as Class representative, and Dov Mittelman, Esq. as Class Counsel;

b)  Awarding the Plaintiff and the Class actual damages provided and pursuant to 15

    U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

c)  Awarding the Plaintiff and the Class for actual damages provided and pursuant to 15

    U.S.C. § 1640(a)(1);

d)  Awarding the Plaintiff and the Class for Statutory damages provided and pursuant to

    15 U.S.C. § 1681n(a);

e)   Awarding the Plaintiff and the Class or Statutory damages provided and pursuant to

    15 U.S.C. § 1640(a)(2);

f)  Awarding the Plaintiff and the Class for Punitive damages provided and pursuant to

    15 U.S.C. § 1681n(a)(2);

g)  Awarding the Plaintiff and the Class for attorney fees and costs provided and

    pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C.

    § 1640(a)(3);

h) For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.


Dated:  Hackensack, New Jersey
        April 4, 2019


                                          /s/ Dov Mittelman
                                          **Stein Saks, PLLC**
                                          By:  Dov Mittelman
                                          285 Passaic Street
                                          Hackensack, NJ 07601
                                          Phone: (201) 282-6500
                                          Fax: (201) 282-6501